IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOHN SITKI BADE, | ) | CIVIL NO. 18-00167 LEK-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | DENY PLAINTIFF'S APPLICATION TO |
| vs. | ) | PROCEED WITHOUT PREPAYMENT OF |
| | ) | FEES |
| BLACK HAWK SECURITY LLC, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S
APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES[1]

Before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees, filed on May 8, 2018. ECF No. 2. The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii. After careful consideration, the Court FINDS AND RECOMMENDS that the district court DENY Plaintiff's Application.

DISCUSSION

On May 8, 2018, Plaintiff John Sitki Bade filed a Complaint regarding certain actions related to the waterlines at his residence. See ECF No. 1. Plaintiff filed his Application

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

to Proceed Without Prepayment of Fees on the same day.  Federal courts may authorize the commencement of any suit without the prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees pursuant to 28 U.S.C. § 1915(a)(1).  "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."  Adkins v. E.I. Du Pont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (quotations omitted); see also United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (quotations omitted) (the affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty").  In determining whether to grant an application to proceed without prepayment of fees, the Court is guided by whether the applicant's yearly income surpasses the poverty guideline.

      Plaintiff's Application states that he is employed by the State of Hawaii Department of Education and receives $2,000 per month in gross wages.  ECF No. 2 at 1.  This results in an annual income of $24,000.  Plaintiff states that he has no dependants.  Id. at 2.  Plaintiff's identified monthly expenses are approximately $1,500.  Id. at 2.  The Department of Health and Human Services 2018 Poverty Guidelines indicate that the poverty guideline for a single person in Hawaii is $13,960.

Annual Update of the Health and Human Services Poverty Guidelines, 83 Fed. Reg. 2642-43 (Jan. 18, 2018).  Based on the information provided in the Application, Plaintiff's income exceeds the $13,960 poverty threshold for a single person in Hawaii.  See id.  The Court therefore FINDS that Plaintiff does not qualify as a person who is unable to pay or give security for court fees and RECOMMENDS that the district court DENY Plaintiff's Application.

## CONCLUSION

In accordance with the foregoing, the Court FINDS AND RECOMMENDS that Plaintiff's Application to Proceed Without Prepayment of Fees, filed May 8, 2018, be DENIED.  If Plaintiff wishes to proceed with this action, he must remit the appropriate filing fee within thirty (30) days from the date that this Findings and Recommendation is acted upon by the district court.  Failure to do so will result in the automatic dismissal of this action.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, MAY 24, 2018.

Richard L. Puglisi
United States Magistrate Judge

**BADE V. BLACK HAWK SECURITY LLC, ET AL.; CIVIL NO. 18-00167 LEK-RLP; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES**