IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| JOHN SITKI BADE, | ) | CIVIL NO. 18-00167 JAO-RLP |
|---|---|---|
| Plaintiffs, | ) | |
| | ) | ORDER DENYING PLAINTIFF'S |
| vs. | ) | MOTION FOR TEMPORARY |
| | ) | RESTRAINING ORDER |
| BLACK HAWK SECURITY LLC; | ) | |
| HAWAIIAN PROPERTIES | ) | |
| LIMITED; KAPIOLANI MANOR | ) | |
| ASSOCIATION, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

On September 18, 2018, *pro se* Plaintiff John Sitki Bade ("Plaintiff") filed a Motion for Temporary Restraining Order. The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice for the U.S. District Court for the District of Hawaii. After careful consideration of Plaintiff's submission and the applicable law, the Court DENIES the Motion for the reasons set forth below.

## BACKGROUND

Plaintiff commenced this action on May 8, 2018, asserting violations of the Clean Water Act and UL Standards for Safety regarding gas and carbon

monoxide. According to Plaintiff, drain lines in Kapiolani Manor, where he resides, are producing methane gas and carbon monoxide. Plaintiff alleges that Defendants Hawaiian Properties Ltd. and/or Kapiolani Manor Association hired Defendant Black Hawk Security LLC to "use these resources to cause physical injury and or [sic] death to anyone they choose." Compl. at 20.

DISCUSSION

In the present Motion, Plaintiff alleges that he has suffered immediate and irreparable injury, loss, and damages due to retaliation by Defendant Kapiolani Manor Association and its residents/owners, and Defendant Hawaiian Properties Ltd. Plaintiff claims that break-ins occurred over a period of years;[1] threats to his life were implied; invasion of privacy and harassment have escalated; and he has been racially profiled due to his mother's Turkish background.[2] Pursuant to

---

[1] Although unclear from the Motion, it appears that the break-ins involved Plaintiff's residential unit.

[2] Plaintiff supplies the following examples of threats to his life, invasion of privacy, harassment, and racial profiling:

> The temperature began to rise dramatically as the insulation in the walls were removed and some type of steam was released . . . military residents who call themselves 'Team Liberty' began repelling down from the upper lanais by means of a hook and pulley system and began taking still imagery with some type of flash power . . . [a] high pitched siren is heard from across the

(continued...)

Federal Rule of Civil Procedure ("FRCP") 65(c), Plaintiff requests $42,000.00 "to cover the costs of repairs to the ceiling, walls, tile flooring front door and glass windows." Mot. at 2. However, by its plain terms, FRCP 65(c) concerns security to be provided by a movant, not damages awarded to a movant.[3]

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *Munaf v. Geren*, 553 U.S. 674, 689 (2008) (citation omitted) ("A preliminary injunction is an 'extraordinary and drastic remedy.'"). The standards for issuing a temporary restraining order and a preliminary injunction are identical. *Fleck v. CitiMortgage, Inc.*, No. CIV.

---

(...continued)
>street and I see a red lite [sic] similar to a laser pointer. Then a single engine plane flies over head and a few minutes later a loud jet engine.

Mot. at 1-2.

[3] FRCP 65(c), which is inapplicable, states:

>The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. The United States, its officers, and its agencies are not required to give security.

Fed. R. Civ. P. 65(c).

15-00167 JMS-BMK, 2015 WL 2188595, at *2 (D. Haw. May 8, 2015) (quoting *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002)). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20 (citations omitted). *Winter v. Natural Resources Defense Council, Inc.* requires that all elements be satisfied before a TRO may issue. *Fleck*, 2015 WL 2188595 at *2.

Aside from arguing, in conclusory fashion, that he has suffered irreparable harm and damages, Plaintiff has not addressed any of the foregoing elements. Because each element must be satisfied in order to obtain injunctive relief, failure to satisfy any element requires a denial of the Motion.

A. <u>Likelihood of Success on the Merits</u>

Plaintiff fails to demonstrate a likelihood of success on the merits. As earlier noted, Plaintiff alleges violations of the Clean Water Act and UL Standards for Safety regarding gas and carbon monoxide. He claims that Kapiolani Manor drain lines are producing methane gas and carbon monoxide and that Defendant Black Hawk Security was hired to use unidentified resources to cause physical injury and/or death to individuals of their choosing. It is difficult to

4

identify viable legal or factual bases for Plaintiff's allegations. Based on the Court's review of the limited allegations presented in the Complaint, it is unlikely that Plaintiff will succeed on the merits. Moreover, pending before the Court is Defendants' Motion to Dismiss Complaint and Request for Injunction Filed on May 8, 2018, which raises jurisdictional questions and challenges the sufficiency of Plaintiff's allegations.[4] Accordingly, Plaintiff is not entitled to preliminary injunctive relief.

B.  Likelihood of Suffering Irreparable Harm

Plaintiff also fails to demonstrate that he is likely to suffer irreparable harm, which constitutes an independently sufficient reason to deny injunctive relief. "Irreparable harm is traditionally defined as harm for which there is no adequate legal remedy." *Arizona Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014). A plaintiff must establish that irreparable injury is *likely* absent preliminary relief. *Winter*, 555 U.S. at 22. The claimed harm must be both irreparable and imminent. Mere allegations of imminent harm do not suffice; "a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to

---

[4] The disposition of this Motion does not affect Defendants' Motion to Dismiss, and does not resolve any jurisdictional or other issue raised therein.

preliminary injunctive relief." *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted). "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Id.*

Although he baldly claims to have suffered (and continues to suffer) irreparable harm, Plaintiff only seeks relief for purported economic injury, which, without more, fails to support a finding of irreparable harm. It is well established that mere economic injury does not constitute irreparable harm because a damage award can remedy such injury. *Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991). Moreover, Plaintiff's allegations of harm are fanciful and lacking evidentiary support. Therefore, Plaintiff is not entitled to injunctive relief.[5]

## CONCLUSION

Based on the foregoing, the Court HEREBY DENIES Plaintiff's Motion for Temporary Restraining Order.

---

[5] Given Plaintiff's failure to establish a likelihood of success on the merits or a likelihood of suffering irreparable harm, the Court finds it unnecessary to address the other *Winter* elements.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 20, 2018.



Jill A. Otake
United States District Judge

CV 18-00167 JAO-RLP; *BADE V. BLACK HAWK SECURITY LLC, ET AL.*; ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER