IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOHN SITKI BADE, | ) | CIVIL NO. 18-00167 JAO-RLP |
| | ) | |
| Plaintiffs, | ) | ORDER GRANTING HAWAIIAN |
| | ) | PROPERTIES, LTD. AND THE |
| vs. | ) | ASSOCIATION OF APARTMENT |
| | ) | OWNERS OF KAPIOLANI MANOR, |
| BLACK HAWK SECURITY LLC; | ) | INC.'S MOTION TO DISMISS |
| HAWAIIAN PROPERTIES | ) | COMPLAINT AND REQUEST FOR |
| LIMITED; KAPIOLANI MANOR | ) | INJUNCTION FILED ON MAY 8, 2018 |
| ASSOCIATION, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING HAWAIIAN PROPERTIES, LTD.
AND THE ASSOCIATION OF APARTMENT OWNERS OF
KAPIOLANI MANOR, INC.'S MOTION TO DISMISS COMPLAINT
AND REQUEST FOR INJUNCTION FILED ON MAY 8, 2018

INTRODUCTION

The instant action arises out of purported violations of the Clean Water Act

and regulatory standards UL 2034 and UL 1418.  Defendants Hawaiian Properties,

Ltd. ("HPL") and the Association of Apartment Owners of Kapiolani Manor, Inc.

("AOAO") (collectively "Defendants") request dismissal of *pro se* Plaintiff John

Sitki Bade's ("Plaintiff") Complaint and Request for Injunction.  The Court finds

this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the

Local Rules of Practice for the U.S. District Court for the District of Hawaii.  After

careful consideration of the submission and the applicable law, the Court

GRANTS the Motion for the reasons articulated below.

## BACKGROUND

Plaintiff commenced this action on May 8, 2018, asserting violations of the

Clean Water Act ("CWA") and UL Standards for Safety regarding gas and carbon

monoxide.  According to Plaintiff, drain lines in Kapiolani Manor, where he

resides, are producing methane gas and carbon monoxide.  Compl. at 20.  Plaintiff

alleges that Defendants hired Defendant Black Hawk Security LLC ("Black

Hawk")[1] to "use these resources to cause physical injury and or [sic] death to

anyone they choose."  *Id.*  Included with the form Complaint are 13 notices from

Kapiolani Manor regarding water shut down and the replacement of drain pipes for

the period May 2-25, 2018.

On September 18, 2018, Plaintiff filed a Motion for Temporary Restraining

Order.  Doc. No. 21.  The Court denied the motion on September 20, 2018.  Doc.

No. 23.

## LEGAL STANDARDS

A. Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure ("FRCP") 12(b)(1) motions challenge the

court's subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  Federal courts are

---

[1]  Black Hawk has not appeared and the docket does not contain a proof of service for Black Hawk.

presumed to lack subject matter jurisdiction, and the plaintiff bears the burden of establishing that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). FRCP 12(b)(1) jurisdictional attacks may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, as here, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction," *id.*, and the court's inquiry is confined to allegations in the Complaint. *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cty.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). By contrast, a factual attack involves disputes to "the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. The court may look beyond the complaint in such instances. *Savage*, 343 F.3d at 1039 n.2.

B. Federal Rule of Civil Procedure 12(b)(6)

FRCP 12(b)(6) authorizes dismissal of a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion to dismiss, "'the court accepts the facts alleged in the complaint as true,' and '[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)) (alteration in original).

However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000). Furthermore, the court need not accept as true allegations that contradict matters properly subject to judicial notice. *Sprewell*, 266 F.3d at 988.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The tenet that the court must accept as true all of the allegations contained in the complaint does not apply to legal conclusions. *Id.* As such, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)) (some alterations in original).

C. Pro se Pleadings

Courts liberally construe complaints when a plaintiff is proceeding pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (citation and quotations omitted). If dismissal is ordered, the plaintiff should be granted leave to amend unless it is clear that the claims could not be saved by amendment. *Swartz v. KPMG LLP*, 476 F.3d 756, 760 (9th Cir. 2007); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect, however, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

DISCUSSION

Defendants argue that both federal question and diversity jurisdiction are lacking. Specifically, federal question jurisdiction is lacking because other than his conclusory allegations concerning violations of the CWA and UL standards for safety, Plaintiff has not alleged any information or facts relating to those allegations. Defendants contend that diversity jurisdiction is likewise lacking because Plaintiff is a resident of Hawaiʻi, the AOAO is located in Hawaiʻi, and Plaintiff failed to state an amount in controversy.

As an additional basis for dismissal, Defendants argue that Plaintiff's conclusory allegations fail to identify a cognizable theory for relief.  In response to this Motion, Plaintiff stated:  "Failure to state a claim is not correct.  On 08/30/2018 Statement of claim was filed along with the Civil cover sheet and entered on 08/31/2018 as noted on the Civil Docket. . . . According to the Hawaii States, 'NO Bounce Rule' this should be acceptable."  Doc. No. 25 at 2.

A. <u>The Complaint Fails to Identify a Basis for Federal Question Jurisdiction</u>

Plaintiff bears the burden of establishing that subject matter jurisdiction is proper.  *Kokkonen*, 511 U.S. at 377.  If the Court lacks subject matter jurisdiction, an action must be dismissed.  Fed. R. Civ. P. 12(h)(3).  Here, Plaintiff's allegations, in their current form, fail to establish a basis for federal question jurisdiction.

In the form Complaint utilized by Plaintiff, he lists Regulatory Standard UL 2034, Regulatory Standard UL 1484, and the CWA as the bases for federal question jurisdiction.  Compl. at 4.  The foregoing UL[2] standards are not federal statutes and do not confer federal question jurisdiction upon this Court.  Plaintiff has not cited authority, federal or otherwise, providing a cause of action for purported violations of UL standards.

---

[2]  "UL is a global independent safety science company."
https://standardscatalog.ul. com /standards/en/standard_2034 (last visited Dec. 7, 2018).

The CWA is a federal statute, but in light of the bare allegations in the Complaint, its applicability is unclear. Congress enacted the CWA "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a); *Ass'n to Protect Hammersley, Eld, & Totten Inlets v. Taylor Res., Inc.*, 299 F.3d 1007, 1009 (9th Cir. 2002). To achieve this objective, Congress deemed unlawful "the discharge of any pollutant by any person" without a valid permit issued pursuant to Sections 402 and 404 of the CWA. 33 U.S.C. § 1311(a). The CWA contains a citizen suit provision that allows any citizen to

> commence a civil action on his own behalf--
>
> (1) against any person (including (i) the United States, and (ii) any other governmental instrumentality or agency to the extent permitted by the eleventh amendment to the Constitution) who is alleged to be in violation of (A) an effluent standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation, or
>
> (2) against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator.

33 U.S.C. § 1365(a). District courts have jurisdiction, notwithstanding the amount in controversy or the citizenship of the parties, to enforce effluent standards or limitations, or an order issued by the Administrator or a State, "or to order the Administrator to perform such act or duty, as the case may be, and to apply any appropriate civil penalties under section 1319(d) of this title." *Id.* Actions

pursuant to § 1365(a)(1) may not be commenced without proper notice. 33 U.S.C. § 1365(b).

> To state a claim under the CWA, a plaintiff must allege "(1) the ongoing addition of (2) a pollutant (3) to the navigable waters of the United States (4) from a point source (5) without a permit (or in violation of a permit)."

*San Francisco Herring Ass'n v. Pac. Gas & Elec. Co.*, 81 F. Supp. 3d 847, 860 (N.D. Cal. 2015) (citation omitted).

Plaintiff identifies the CWA as a basis for federal jurisdiction, but he provides no facts or law to support his conclusory allegation that "[f]ederal laws were intentionally broken and then were intentionally attempted to be covered up." Compl. at 5. Neither does his allegation that "Kapiolani Manor drain lines are producing methane gas and carbon [m]onoxide and the buildings association, management company and or site manager hired Black Hawk Security to use these resources to cause physical injury and or death to anyone they chose," *id.* at 20, state a claim under the CWA. The absence of relevant facts and law in the Complaint preclude the Court from ascertaining whether the CWA confers federal question jurisdiction, even construing his allegations liberally. Accordingly, the Motion is GRANTED to the extent that Plaintiff has failed to establish the existence of federal question jurisdiction.

B.  <u>The Complaint Fails to Identify a Basis for Diversity Jurisdiction</u>

      Based on the allegations in the Complaint, diversity jurisdiction is lacking as well.  Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states.  28 U.S.C. § 1332(a)(1).  Complete diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants.  *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Servs.*, Inc., 545 U.S. 546, 553 (2005)); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

      In the Complaint, Plaintiff identifies himself as a citizen of Hawaiʻi and identifies Hawaiʻi as Defendants' places of incorporation and principal places of business.  Compl. at 4-6.  A corporation is deemed to be a citizen of "every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  "[A]n LLC is a citizen of every state of which its owners/members are citizens."  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Given that Plaintiff and at least one of the Defendants share citizenship, diversity jurisdiction does not exist.  Consequently, the Motion is GRANTED.

C.  The Complaint Fails to State a Claim

Even if the existence of subject matter jurisdiction were not in question, the Complaint would be dismissed.  Plaintiff has not articulated a claim, nor set forth legal or factual bases to support a viable claim.  The Complaint is therefore dismissed.  Inasmuch as Plaintiff is proceeding pro se, however, and it is not clear that the aforementioned deficiencies could not be cured by amendment, the Court dismisses the Complaint without prejudice and grants Plaintiff leave to amend his Complaint.

If Plaintiff elects to file an amended complaint, he must do so by **January 7, 2019.**  Plaintiff is advised that Local Rule 10.3 requires that "any party filing . . . an amended complaint . . . shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court."  Local Rule 10.3.  As a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, if Plaintiff files an amended complaint, the Complaint no longer serves any function in the case.

CONCLUSION

In accordance with the foregoing, Court GRANTS Defendants' Motion to Dismiss Complaint and Request for Injunction Filed on May 8, 2018, filed

August 1, 2018, and DISMISSES the Complaint with leave to amend.  If Plaintiff

chooses to file an amended complaint, he must comply with the following

requirements:

1)    Plaintiff's deadline to file an amended complaint is **January 7, 2019**;

2)    Plaintiff's amended complaint should be titled "First Amended Complaint"; and

3)    Plaintiff must cure the deficiencies identified above.

Plaintiff is cautioned that failure to timely submit an amended pleading in

conformance with this Order will result in the automatic dismissal of this action.

IT IS SO ORDERED.

DATED:    Honolulu, Hawaii, December 7, 2018.

Jill A. Otake
United States District Judge

CIVIL NO. 18-00167 JAO-RLP; *BADE V. BLACK HAWK SECURITY LLC, et al.*; ORDER GRANTING
HAWAIIAN PROPERTIES, LTD. AND THE ASSOCIATION OF APARTMENT OWNERS OF
KAPIOLANI MANOR, INC.'S MOTION TO DISMISS COMPLAINT AND REQUEST FOR
INJUNCTION FILED ON MAY 8, 2018

11