IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| JOHN SITKI BADE, | ) | CIVIL NO. 18-00167 JAO-RLP |
|---|---|---|
| Plaintiffs, | ) ) ) | ORDER DISMISSING FIRST AMENDED COMPLAINT |
| vs. | ) ) | |
| HAWAIIAN PROPERTIES LIMITED; KAPIOLANI MANOR ASSOCIATION, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## ORDER DISMISSING FIRST AMENDED COMPLAINT

On December 10, 2017, this Court issued an Order Granting Hawaiian Properties, Ltd. and the Association of Apartment Owners of Kapiolani Manor, Inc.'s Motion to Dismiss Complaint and Request for Injunction Filed on May 8, 2018 ("Order"). Doc. No. 27. Based on the allegations set forth in the Complaint, the Court concluded that Plaintiff John Bade ("Plaintiff") failed to establish a basis for jurisdiction, and that he failed to state a claim upon which relief could be granted. However, the Court granted Plaintiff leave to amend his Complaint.

The Court imposed January 7, 2019 as the deadline to file an amended complaint and required Plaintiff to cure the deficiencies identified in the Order. *Id.* at 11. In addition, the Court cautioned Plaintiff that his failure to timely submit an

amended pleading in conformance with the Order would result in the automatic dismissal of this action. *Id.*

On January 9, 2019, Plaintiff filed a First Amended Complaint ("FAC"). Although Plaintiff failed to meet the January 7, 2019 deadline, the Court accepts the FAC as timely filed in light of Plaintiff's pro se status.[1]

After reviewing the FAC, the Court finds that Plaintiff has not corrected the deficiencies identified in the Order; namely, he has yet to establish a basis for federal question jurisdiction.[2] In his Complaint, Plaintiff identified the Clean Water Act ("CWA") as a basis for federal question jurisdiction. The Court concluded that the absence of relevant facts and law precluded it from ascertaining whether the CWA confers federal question jurisdiction. *Id.* at 8.

The FAC contains the same deficiencies. The totality of Plaintiff's allegations are as follows:

> Kapiolani Manor allowed the installation of Navy U.S. Military pipes in a residential building causing pollutants to contaminate the air and water upon the owners and residents of the property. Then once uncovered by the plaintiff the Kapiolani Manor Association along with the property management Hawaiian Properties tries to conceal the discovery by replacing all the sewer lines in the building at once

---

[1] Plaintiff should not assume that his pro se status will excuse future violations of deadlines, orders, or rules. Local Rule 83.13 ("*Pro se* litigants shall abide by all local, federal, and other applicable rules and/or statutes.").

[2] In the Order, the Court determined that diversity jurisdiction could not exist because Plaintiff and at least one of the Defendants share citizenship. Plaintiff no longer asserts diversity of citizenship as a basis for jurisdiction.

> except to the plaintiffs [sic] unit out of retaliation. Defendants then targeted plaintiff by repeatedly breaking into and damaging plaintiffs [sic] apartment re-routing plumbing, electrical lines, removing wall insulation and diverting ventelation [sic] exhaust into plaintiffs [sic] unit causing health and psychological adverse effects.

FAC at 5. As before, Plaintiff has not asserted facts or law establishing that the CWA provides a basis for federal question jurisdiction.

In the FAC, Plaintiff also added the Clean Air Act ("CAA") and Toxic Substance Control Act ("TSCA") as bases for federal question jurisdiction. Like the CWA, the CAA and TSCA contain citizen suit provisions allowing a citizen to commence a civil action on his or her own behalf:

> (1) against any person (including (i) the United States, and (ii) any other governmental instrumentality or agency to the extent permitted by the Eleventh Amendment to the Constitution) who is alleged to have violated (if there is evidence that the alleged violation has been repeated) or to be in violation of (A) an emission standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation,
>
> (2) against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator.

42 U.S.C. § 7604(a); *see also* 15 U.S.C. § 2619(a) (citizen suit provision for the TSCA). No action may be commenced under either of the foregoing subsections "prior to 60 days after the plaintiff has given notice of": the violation "(i) to the Administrator, (ii) to the State in which the violation occurs, and (iii) to any alleged violator of the standard, limitation, or order," *or* "such action to the

3

administrator." 42 U.S.C. § 7604(b); *see also* 15 U.S.C. § 2619(b) (TSCA's 60-day notice requirement). Notably, failure to comply with the notice requirement mandates dismissal of the action as barred by the terms of the statute. *Ctr. For Biological Diversity v. Marina Point Dev. Co.*, 566 F.3d 794, 800 (9th Cir. 2009) ("[T]he giving of a 60–day notice is not simply a desideratum; it is a jurisdictional necessity."); *cf. Hallstrom v. Tillamook Cty.*, 493 U.S. 20, 33 (1989) (holding that "where a party suing under the citizen suit provisions of [the Resource Conservation and Recovery Act of 1976] fails to meet the notice and 60-day delay requirements . . . the district court must dismiss the action as barred by the terms of the statute").

Given the limited allegations asserted in the FAC, the Court is again unable to ascertain whether federal question jurisdiction exists and, at a minimum, whether Plaintiff has complied with the mandatory provisions in the Acts cited. Accordingly, the FAC is DISMISSED. However, the Court grants Plaintiff a final opportunity to amend the FAC to remedy the deficiencies therein and to establish the existence of federal question jurisdiction. Any amendment should be limited to the claims already asserted; that is, Plaintiff may not expand the scope of the allegations set forth in the FAC. Plaintiff is reminded that he must also comply with the federal rules and must meet federal pleading standards with respect to the allegations related to each of his claims. The deadline to file an amended pleading

– titled "Second Amended Complaint" – is **February 19, 2019**. Plaintiff is cautioned that his failure to **file** a Second Amended Complaint by this deadline, addressing the deficiencies identified in this Order and the Court's prior Order, will result in the dismissal of this action.

## CONCLUSION

In accordance with the foregoing, Court DISMISSES the FAC with leave to amend. If Plaintiff chooses to file an amended complaint, he must comply with the following requirements:

1) Plaintiff's deadline to file an amended complaint is **February 19, 2019**;

2) Plaintiff's amended complaint should be titled "Second Amended Complaint"; and

3) Plaintiff must cure the deficiencies identified above.

Plaintiff is cautioned that failure to timely file an amended pleading that conforms with this Order will result in the automatic dismissal of this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, January 22, 2019.



Jill A. Otake
United States District Judge

CIVIL NO. 18-00167 JAO-RLP; *BADE V. KAPIOLANI MANOR ASSOCIATION, et al*.; ORDER DISMISSING FIRST AMENDED COMPLAINT