IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| JOHN SITKI BADE, | ) | CIVIL NO. 18-00167 JAO-RLP |
| --- | --- | --- |
| Plaintiffs, | ) ) ) | AMENDED ORDER DISMISSING SECOND AMENDED COMPLAINT |
| vs. | ) ) | |
| HAWAIIAN PROPERTIES LIMITED; KAPIOLANI MANOR ASSOCIATION, | ) ) ) ) | |
| Defendants. | ) ) ) | |

AMENDED ORDER DISMISSING SECOND AMENDED COMPLAINT[1]

On December 10, 2017, this Court issued an Order Granting Hawaiian Properties, Ltd. and the Association of Apartment Owners of Kapiolani Manor, Inc.'s Motion to Dismiss Complaint and Request for Injunction Filed on May 8, 2018 ("Order"). Doc. No. 27. Based on the allegations set forth in the Complaint, the Court concluded that Plaintiff John Bade ("Plaintiff") failed to establish a basis for jurisdiction, and that he failed to state a claim upon which relief could be granted. *Id.* at 6-10. However, the Court granted Plaintiff leave to amend his Complaint. *Id.* at 10.

---

[1] The sole change between this Amended Order and the Order Dismissing Second Amended Complaint, Doc. No. 36, can be found in the Conclusion. The reference to the FAC has been changed to SAC.

The Court imposed January 7, 2019 as the deadline to file an amended complaint and required Plaintiff to cure the deficiencies identified in the Order. *Id.* at 11. In addition, the Court cautioned Plaintiff that his failure to timely submit an amended pleading in conformance with the Order would result in the automatic dismissal of this action. *Id.*

On January 9, 2019, Plaintiff filed a First Amended Complaint ("FAC"). Doc. No. 33.

On January 22, 2019, the Court issued an Order Dismissing First Amended Complaint ("Second Order"). Doc. No. 34. The Court accepted the FAC despite its untimely filing in light of Plaintiff's pro se status. *Id.* at 2. However, the Court warned Plaintiff that he should not assume that his pro se status would excuse future violations of deadlines, orders, or rules. *Id.* at n.1.

The Court ultimately concluded that Plaintiff failed to correct the deficiencies identified in the Order and had not established a basis for federal question jurisdiction. *Id.* at 2-3. Specifically, Plaintiff's reference to the Clean Water Act ("CWA") and Toxic Substance Control Act ("TSCA") as bases for federal question jurisdiction was insufficient given the limited allegations asserted in the FAC. *Id.* at 2-4. The Court determined that it was unable to ascertain whether federal question jurisdiction exists and, at a minimum, whether Plaintiff complied with the mandatory provisions in the Acts cited. *Id.* at 4. The Court

dismissed the FAC and granted Plaintiff a final opportunity to amend the FAC to remedy the deficiencies therein and establish the existence of federal question jurisdiction. *Id.* Plaintiff was cautioned that his failure to file an amended pleading by February 19, 2019 addressing the identified deficiencies would result in the dismissal of this action. *Id.* at 5.

On February 19, 2019, Plaintiff filed a Second Amended Complaint ("SAC"). Doc. No. 35. The SAC contains the same deficiencies. Plaintiff's "Statement of Claim" states:

> Seeking Ten Million dollars for medical expense pain and suffering and mental anguishes/loss of wages. Hawaiian Properties and the Kapiolani Manor Association failed to fix the air ventelation [sic] system in apartment 901 in a timely fashion as ordered by the City and County building inspectors office violating the Clean Air Act ("CAA"). See exhibit 1.[2]
>
> Also: the defendants failed to repair the water lines causing mold and toxic materials under the Toxic Substance Control Act ("TSCA") see exhibit 2.[3]

*Id.* at § III. As before, Plaintiff has not asserted facts or law establishing that the CWA or TSCA provide a basis for federal question jurisdiction. The Court

---

[2] Exhibit 1 is a City and County Notice of Violation dated July 9, 2015, concerning the mechanical vent in the bathroom of apartment until #901.

[3] Exhibit 2 is a Declaration of John Sitki Bade from an action in the Circuit Court of the First Circuit, State of Hawaiʻi, brought by the Association of Apartment Owners of Kapiolani Manor, Inc. against Plaintiff. It does not stand for the proposition for which it is referenced.

3

previously explained that the CWA and TSCA contain notice provisions. Doc. No. 34 at 3-4 (quoting 42 U.S.C. § 7604(b); 15 U.S.C. § 2619(b)). Plaintiff has offered no facts or other information concerning his procedural compliance with the CWA or TSCA, nor that viable claims exist pursuant to these Acts.

Failure to comply with the notice requirements mandates dismissal of the action as barred by the terms of the statute. *Ctr. For Biological Diversity v. Marina Point Dev. Co.*, 566 F.3d 794, 800 (9th Cir. 2009) ("[T]he giving of a 60–day notice is not simply a desideratum; it is a jurisdictional necessity."); *cf. Hallstrom v. Tillamook Cty.*, 493 U.S. 20, 33 (1989) (holding that "where a party suing under the citizen suit provisions of [the Resource Conservation and Recovery Act of 1976] fails to meet the notice and 60-day delay requirements . . . the district court must dismiss the action as barred by the terms of the statute").

Although the Court restricted amendments to the claims asserted in the FAC and prohibited Plaintiff from expanding the scope of allegations, Plaintiff added 46 U.S.C. § 883 as a basis for jurisdiction, asserting that he is entitled to punitive damages "for repair of damages to apartment and negligence from owner/master under the Jones Act of 1920 liability/personal obligation of the employer." SAC at 4, 6. "The Jones Act, 46 U.S.C. § 883, has, since 1920, reserved the United States domestic trade exclusively for vessels built in this country and owned by its

citizens." *Seatrain Shipbuilding Corp. v. Shell Oil Co.*, 444 U.S. 572, 574-75 (1980). The Jones Act clearly has no applicability here.

Federal courts are presumed to lack subject matter jurisdiction, and the plaintiff bears the burden of establishing that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). If the Court lacks subject matter jurisdiction, an action must be dismissed. Fed. R. Civ. P. 12(h)(3). Here, Plaintiff has failed to meet his burden of establishing that subject matter jurisdiction exists, even construing the SAC liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and he has failed to correct the deficiencies previously identified by the Court. Therefore, the Court DISMISSES the SAC.

While a pro se plaintiff should ordinarily be granted leave to amend, the Court has already afforded Plaintiff two opportunities to cure the defects in his pleadings. After carefully reviewing this third iteration of Plaintiff's complaint, dismissal without leave to amend is appropriate because it is clear that his claims cannot be saved by amendment. *Swartz v. KPMG LLP*, 476 F.3d 756, 760 (9th Cir. 2007); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect, however, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

## CONCLUSION

In accordance with the foregoing, Court DISMISSES the SAC **without** leave to amend. The Clerk's office is directed to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, February 27, 2019.

Jill A. Otake
United States District Judge

CIVIL NO. 18-00167 JAO-RLP; *BADE V. KAPIOLANI MANOR ASSOCIATION, et al.*; AMENDED ORDER DISMISSING SECOND AMENDED COMPLAINT

6